ROBERT C. BAKER, BAR ID #49255
rbaker@bknlawyers.com
MELISSA S. OSLAC, BAR ID #130055
moslac@bknlawyers.com
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, California 90071
Telephone: (213) 241-0900
Facsimile:  (213) 241-0990

Attorneys for Defendants
NARCONON INTERNATIONAL and
ASSOCIATION FOR BETTER LIVING
AND EDUCATION INTERNATIONAL

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO AMATO, an Illinois Citizen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NARCONON FRESH START d/b/a SUNSHINE SUMMIT LODGE; ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL and DOES 1-100, ROE Corporations I-X, inclusive,<br><br>　　　　　Defendants. | Case No.:   3:14-CV-00588-GPC-BLM<br><br>Fifth Amended Complaint Filed: 11-7-2014<br><br>**DEFENDANT'S NARCONON INTERNATIONAL and ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW**, Defendants, NARCONON INTERNATIONAL ("NI") AND ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL ("ABLE"), by and through their attorneys, the law firm of Baker, Keener & Nahra, LLP, and in response to Plaintiff's Fifth Amended Complaint on file herein, admit, deny and allege as follows:

///

///

///

1259-5173-0005

- 1 -

# PARTIES

1. Answering Paragraph 1 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

2. Answering Paragraph 2 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon Fresh Start is a California non-profit 501(c)(3) organization with its principal place of business in California and that that Fresh Start has a rehab facility in Warner Springs, San Diego County. Defendants are without knowledge or information sufficient to form a belief as to where Fresh Start may be served with process. Defendants deny the remaining allegations.

3. Answering Paragraph 3 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon International is a California non-profit 501(c)(3) organization with its principal place of business in Los Angeles, California. Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

4. Answering Paragraph 4 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon International issued a license to Narconon Fresh Start. Except as so admitted, Defendants' deny each and every allegation contained in the said paragraph.

5. Answering Paragraph 5 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

6. Answering Paragraph 6 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Fifth Amended Complaint, Defendants admit that ABLE is a California non-profit 501(c)(3) organization with its principal place of business in Los Angeles, California. Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

8. Answering Paragraph 8 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

9. Answering Paragraph 9 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

10. Answering Paragraph 10 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

## JURISDICTION AND VENUE

14. Answering Paragraphs 11 and 12 of Plaintiff's Fifth Amended Complaint, Defendants deny that this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and denies that the amount in controversy exceeds $75,000.00. Defendants do not dispute venue in this matter.

## FACTUAL ALLEGATIONS

15. Answering Paragraph 13 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

16. Answering Paragraph 14 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

17. Answering Paragraph 15 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

18. Answering Paragraph 16 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

19. Answering Paragraph 17 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

20. Answering Paragraph 18 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

21. Answering Paragraph 19 of Plaintiff's Fifth Amended Complaint, Defendants admit that the document in part says "The Narconon Program was founded in 1966 by William Benitez, where it was first used in the Arizona State Prison, after being inspired by the practical betterment philosophy of author and humanitarian L. Ron Hubbard in the book, the Fundamentals of Thought. After reforming himself through the use of this new and innovative rehabilitation technology and establishing the Narconon program, Mr. Benitez found a new purpose in life by helping people not only rehabilitate themselves from drug addiction, but more importantly, restore their personal values, integrity, and responsibility. The Narconon program is secular (NON-RELIGIOUS) in nature and the program does not include participation in any religious studies of any kind."  Except as so admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

22. Answering Paragraph 20 of Plaintiff's Fifth Amended Complaint, Defendants admit the allegations contained therein.

23. Answering Paragraph 21 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

24. Answering Paragraph 22 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

25. Answering Paragraph 23 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

26. Answering Paragraph 24 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

27. Answering Paragraph 25 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

28. Answering Paragraph 26 of Plaintiff's Fifth Amended Complaint, Defendants admit that the Narconon program is based on the writings of L. Ron Hubbard, the founder of the Scientology religion and that some of his writings have been adapted by the Narconon program for the secular purpose of drug and substance abuse rehabilitation.  Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

29. Answering Paragraph 27 of Plaintiff's Fifth Amended Complaint, Defendants admit that the Narconon program is based on the writings of L. Ron Hubbard, the founder of the Scientology religion and that some of his writings have been adapted by the Narconon program for the secular purpose of drug and substance abuse rehabilitation. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

30. Answering Paragraph 28 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon students participate in a sauna program called the "New Life Detoxification Program." Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

31. Answering Paragraph 29 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon students participate in a sauna program called the New Life Detoxification Program. The New Life Detoxification Program was adapted for the secular

purpose of treating drug and substance abuse rehabilitation from the "Purification Rundown." Except as so admitted, Defendants deny each and every allegation contained in the said paragraph.

32. Answering Paragraph 30 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

33. Answering Paragraph 31 of Plaintiff's Fifth Amended Complaint, Defendants admit that students participate in a vigorous exercise and sauna regimen and that the protocol requires each student to ingest vitamins including healthful doses of Niacin. Except as expressly admitted, Defendants are without knowledge or information sufficient to form a belief as to the experiences of Angelo Amato on the sauna program and therefore deny the remaining allegations of paragraph 31 on information and belief.

34. Answering Paragraph 32 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

35. Answering Paragraph 33 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

36. Answering Paragraph 34 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

37. Answering Paragraph 35 of Plaintiff's Fifth Amended Complaint, Defendants admit that Dr. Lewis A. Casal was retained as a standard of care expert by Narconon International and Narconon of Northern Georgia in a wrongful death suit filed against Narconon International and Narconon of Northern Georgia and that he gave a deposition. Defendants deny that Dr. Casal was retained as an expert on any issues relating to sauna treatment. Defendants admit the deposition excerpts at p. 136:21-137:9 accurately sets forth deposition transcript excerpts. Defendant Narconon International maintains a website which does describe the scientific studies which have been conducted concerning the theory and effectiveness of the Narconon program. See http://www.narconon.org/about-

narconon/narconon-science-references.pdf. Except as expressly admitted, these answering Defendants deny the remaining allegations contained therein.

38. Answering Paragraph 36 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

39. Answering Paragraph 37 of Plaintiff's Fifth Amended Complaint, Defendants admit that Dr. Lewis A. Casal was retained as a standard of care expert by Narconon International and Narconon of Northern Georgia in a wrongful death suit filed against Narconon International and Narconon of Northern Georgia and that he gave a deposition. Defendants admit the deposition excerpts at p. 124:21-125:5; 126:1-7 reflect the written record but Defendants deny the remaining allegations contained therein. Defendants deny that Dr. Casal reviewed outcome studies or that he was retained to provide or did provide any expert opinions concerning student success rates or outcomes.

40. Answering Paragraph 38 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

41. Answering Paragraph 39 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

42. Answering Paragraph 40 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained in said paragraph; Exhibit C is not what it is purported to be.

43. Answering Paragraph 41 of Plaintiff's Fifth Amended Complaint, Defendants admit that Exhibit "D" appears to be from Narconon News, copyright 1974, Volume 6, Issue 3. Defendants deny the remaining allegations contained therein.

44. Answering Paragraph 42 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

45. Answering Paragraph 43 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

46. Answering Paragraph 44 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

47. Answering Paragraph 45 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

48. Answering Paragraph 46 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

49. Answering Paragraph 47 of Plaintiff's Fifth Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in said paragraph and on that basis deny same.

### **RELATIONSHIP AMONG DEFENDANTS**

50. Answering Paragraph 48 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference their response to paragraphs 1-47, *supra*, as though fully set forth herein.

51. Answering Paragraphs 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 65, 66, 67, and 68 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

52. Answering Paragraph 51 of Plaintiff's Fifth Amended Complaint, Defendants admit that Narconon International publishes "Running an Effective Narconon Center" and "Opening a Successful Narconon Center." Except as expressly admitted, paragraph 51 is denied.

53. Answering Paragraph 62 of Plaintiff's Fifth Amended Complaint, Defendants admit that ABLE publishes certain materials regarding the Narconon program used by Narconon Fresh Start. Except as expressly admitted, paragraph 62 is denied.

## FIRST CLAIM FOR RELIEF

## BREACH OF CONTRACT

54. Answering Paragraph 69 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference, their responses to paragraphs 1-68, *supra*, as though fully set forth herein.

55. Answering Paragraph 70 of Plaintiff's Fifth Amended Complaint, Defendants admit the program was for residential drug and alcohol treatment. Defendants deny they entered into a contract with Plaintiff and deny the remaining allegations contained therein.

56. Answering Paragraphs 71, 72, 73, 74, 75, 76, 77 and 78 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

## FRAUD

57. Answering Paragraph 79 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference their responses to paragraphs 1-78, *supra*, as though fully set forth herein.

58. Answering Paragraph 80 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff. Defendants deny the remaining allegations contained therein.

59. Answering Paragraph 81 of Plaintiff's Fifth Amended Complaint, Defendants deny Dan Carmichael is an employee, agent or principal of these answering Defendants and that he has ever worked for these answering Defendants and deny that these Defendants owned the website referenced and deny that any Narconon staff were employees, agents or principals of these answering Defendants. Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

60. Answering Paragraph 82 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff.  Defendants deny the remaining allegations therein.

61. Answering Paragraph 83 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

## THIRD CLAIM FOR RELIEF
## NEGLIGENCE

62. Answering Paragraph 84 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference their responses to paragraphs 1-83, *supra*, as though fully set forth herein.

63. Answering Paragraphs 85, 86, and 87 of Plaintiff's Fifth Amended Complaint, Defendants deny the allegations contained therein.

## FOURTH CLAIM FOR RELIEF
## NEGLIGENT MISREPRESENTATION

64. Answering Paragraph 88 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference their responses to paragraphs 1-87, *supra*, as though fully set forth herein.

65. Answering Paragraph 89 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff.  Defendants deny the remaining allegations contained therein.

66. Answering Paragraph 90 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff.  Defendants deny the remaining allegations contained therein.

67. Answering Paragraph 91 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff. Defendants deny the remaining allegations contained therein.

68. Answering Paragraph 92 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any statements to Plaintiff. Defendants deny the remaining allegations contained therein.

69. Answering Paragraph 93 of Plaintiff's Fifth Amended Complaint, Defendants deny that they made any representations to Plaintiff. Defendants deny the remaining allegations contained therein.

## FIFTH CLAIM FOR RELIEF

**BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

70. Answering Paragraph 94 of Plaintiff's Fifth Amended Complaint, Defendants hereby repeat, reallege and incorporate by reference their responses to paragraphs 1-93, *supra*, as though fully set forth herein.

71. Answering Paragraph 95 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

72. Answering Paragraph 96 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

73. Answering Paragraph 97 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

74. Answering Paragraph 98 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

75. Answering Paragraph 99 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

76. Answering Paragraph 100 of Plaintiff's Fifth Amended Complaint, Defendants deny they entered into a contract with Plaintiff and deny the allegations contained therein.

## CONCLUDING ANSWER TO ALL ALLEGATIONS

77. All allegations not specifically addressed above due to the nature of the language and construction of the allegations, or for any other reason, are specifically denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Fifth Amended Complaint on file herein fails to state a claim against NI and ABLE upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Fifth Amended Complaint on file herein is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. The injuries, if any, allegedly suffered by Plaintiff as set forth in the Fifth Amended Complaint were caused in whole or in part by the negligence of a third party or third parties over which NI and ABLE had no control.

### FOURTH AFFIRMATIVE DEFENSE

4. The damages, if any, alleged by Plaintiff were not the result of any acts of omission, commission, or negligence, but were the result of a known risk, which was consented to by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

5. The damages, if any, incurred by Plaintiff were not attributable to any act, conduct, or omission on the part of NI and ABLE. NI and ABLE deny that they were negligent or otherwise culpable in any matter or in any degree with respect to the matters set forth in Plaintiff's Fifth Amended Complaint.

///

///

1259-5173-0005

DEFENDANTS, NI and ABLE'S ANSWER TO
PLAINTIFF'S FIFTH AMENDED COMPLAINT, and DEMAND FOR JURY TRIAL

## SIXTH AFFIRMATIVE DEFENSE

6. That it has been necessary for NI and ABLE to employ the services of an attorney to defend this action and a reasonable sum should be allowed NI and ABLE for attorneys' fees, together with costs of suit incurred herein.

## SEVENTH AFFIRMATIVE DEFENSE

7. NI and ABLE are not jointly liable with any other entities that may or may not be named in this action, and will only be severally liable for that portion of Plaintiff's claim that represents the percentage of negligence attributable to NI and ABLE, if any.

## EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's damages, if any, were not proximately caused by NI and ABLE.

## NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's injuries and damages, if any, are the result of forces of nature over which NI and ABLE had no control or responsibility.

## TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is barred from asserting any claims against Defendants because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff failed to mitigate damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff failed to allege facts in support of any award of pre-judgment interest.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The incident alleged in the Fifth Amended Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of NI and ABLE.

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

14. The facts alleged by Plaintiff are insufficient to state a cause of action for punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims for punitive damages are limited or prohibited by law and by the Constitution of the United States.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. At all times mentioned herein, NI and ABLE acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. NI and ABLE hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, NI and ABLE reserve the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving same.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. All risks and dangers involved in the factual situation described in the Fifth Amended Complaint were open, obvious and known to Plaintiff, and said Plaintiff voluntarily assumed said risks and dangers.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Any claim of Plaintiff is barred by laches of Plaintiff in pursuing such claim.

## TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that this court lacks jurisdiction to consider the claim of Plaintiff and further alleges that this court lacks jurisdiction to consider this action.

///

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff, with full knowledge of all the facts connected with, or relating to, the transaction alleged in the Fifth Amended Complaint, ratified and confirmed in all respects the acts of Defendant by accepting the benefits to Plaintiff accruing from such acts.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. NI and ABLE allege that Plaintiff is estopped from pursuing any claim against NI and ABLE.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. The doctrine of unclean hands prevents any recovery by Plaintiff herein.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. NI and ABLE alleges that Plaintiff has waived any right of recovery from NI and ABLE.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. NI and ABLE allege that Plaintiff's Fifth Amended Complaint is barred in whole or in part by Plaintiff's unclean hands.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. NI and ABLE allege that Plaintiff failed to name a party necessary for full and adequate relief essential in this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. The fault of Plaintiff, relating to the allegations of the Fifth Amended Complaint, exceeded that of Defendants, if any, and Plaintiff is therefore barred from any recovery.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Defendants are liable for only that portion of the Plaintiff's claim that represents the percentage of negligence, if any, attributed to it.

///

///

1259-5173-0005

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to allege a prima facie claim for breach of contract, fraud, negligence, negligent misrepresentation and breach of implied covenant of good faith and fair dealing against these answering Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Plaintiff lacks standing to bring the claims contained within the Fifth Amended Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31. These Defendants deny any and all liability to the extent that Plaintiff asserts these Defendants alleged liability as a parent, alter ego, subsidiary, affiliate, agent, partner, principal, employer, wholly or partially owned by, or the whole or original owner of or member in an entity.

**WHEREFORE**, NI and ABLE prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Fifth Amended Complaint on file herein;
2. For reasonable attorneys' fees and costs of suit incurred herein;
3. For trial by jury, and;
4. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Demand is hereby made by NI and ABLE for trial by jury in the above-entitled action.

DATED: February 5, 2015                BAKER, KEENER & NAHRA, LLP

By     */s/ROBERT C. BAKER*
ROBERT C. BAKER
MELISSA S. OSLAC
Attorneys for Defendants
NARCONON INTERNATIONAL and
ASSOCIATION FOR BETTER LIVING AND
EDUCATION INTERNATIONAL

1259-5173-0005

# CERTIFICATE OF SERVICE (CM/ECF)

<u>*ANGELO AMOTO, et al.. v. NARCONON FRESH START, etc., et al.*</u>
USDC – Southern District of California, Case No.: 3:14-CV-00588-GPC-BLM

I hereby certify that on the February 5, 2015, I electronically filed the foregoing **DEFENDANT'S NARCONON INTERNATIONAL and ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL ANSWER TO PLAINTIFF'S FIFTH AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Ryan A. Hamilton, Esq.<br>HAMILTON LAW<br>5125 South Durango<br>Suite C<br>Las Vegas, Nevada 89113<br>(702) 818-1818<br>(702) 974-1139-Fax<br>ryan@hamiltonlawlasvegas.com<br><br>Counsel for Plaintiff | David Evan Miller, Esq.<br>Saeed and Little, LLP<br>1433 N. Meridian Street<br>Suite 202<br>Indianapolis, IN 46202<br>(317) 721-9214<br>(888) 422-3151<br>david@sllawfirm.com<br><br>Counsel for Plaintiffs |
| John Karl Buche, Esq.<br>Buche and Assocaites, PC<br>875 Prospect Street<br>Suite 305<br>La Jolla, California 92037<br>(858) 459-9111<br>(858) 459-9120<br>jbuche@buchelaw.com<br><br>Counsel for Plaintiff | Judith M. Tishkoff, Esq.<br>Lewis, Brisbois, Bisgaard and Smith, LLP<br>633 West 5th Street<br>Suite 4000<br>Los Angeles, California 90071<br>(213) 680-5088<br>(213) 250-7900<br>Judith.tishkoff@lewisbrisbois.com<br><br>Counsel for Narconon Fresh Start dba Sunshine Summit Lodge |

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

                                                */S/ ROBERT C. BAKER*
                                                ROBERT C. BAKER, ESQ.

1259-5173-0005

DEFENDANTS, NI and ABLE'S ANSWER TO
PLAINTIFF'S FIFTH AMENDED COMPLAINT, and DEMAND FOR JURY TRIAL