1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   GEORGE E. NOWOTNY, SB# 150481
2  JUDITH M. TISHKOFF, SB# 138375
   633 West 5th Street, Suite 4000
3  Los Angeles, California 90071
   Telephone: 213.250.1800
4  Facsimile: 213.250.7900

5  Attorneys for Defendant, NARCONON
   FRESH START d/b/a SUNSHINE
6  SUMMIT LODGE

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  ANGELO AMATO, an Illinois Citizen,        CASE NO. 3:14-cv-00588-GPC-BLM

12              Plaintiff,                      **JOINT MOTION FOR ENTRY OF
                                                STIPULATED PROTECTIVE
13        vs.                                   ORDER**

14  NARCONON FRESH START d/b/a                  The Hon. Gonzalo P. Curiel
    SUNSHINE SUMMIT LODGE;
15  ASSOCIATION FOR BETTER
    LIVING AND EDUCATION
16  INTERNATIONAL; NARCONON
    INTERNATIONAL and DOES 1 - 100,
17  ROE Corporations I - X, inclusive,

18              Defendants.

19

20

21        Pursuant to Local Civil Rules of Practice of the United States District Court

22  for the Southern District of California Rule 7.2 and the Case Management

23  Conference Order of the Honorable Magistrate Judge Barbara L. Major, dated

24  February 13, 2015, plaintiff ANGELO AMATO and defendants NARCONON

25  FRESH START dba SUNSHINE SUMMIT LODGE; ASSOCIATION FOR

26  BETTER LIVING AND EDUCATION INTERNATIONAL and NARCONON

27  INTERNATIONAL (collectively "the Parties") in the above-entitled matter hereby

28  jointly move for an order adopting the attached stipulation for a Protective Order as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

follows:

    1.    WHEREAS, the Plaintiff and Defendants in in the above-captioned matter have agreed to enter into protective order to address issues of confidentiality with regard to document productions in a manner that provides for a convenient and efficient method of producing documents without sacrificing the protections afforded to the documents under the law.

    2.    WHEREAS, the Parties have met and conferred and have agreed to the final language to be contained within the Stipulated Protective Order.  A true and correct copy of this final proposed Stipulated Protective Order is attached as Exhibit "A".

    THEREFORE, THE PARTIES MOVE JOINTLY FOR AN ORDER ADOPTING THE PROPOSED STIPULATED PROTECTIVE ORDER (Exhibit "A").

DATED: March 6, 2015    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ Judith M. Tishkoff
Judith M. Tishkoff
Attorneys for Defendant, NARCONON FRESH START d/b/a SUNSHINE SUMMIT LODGE

DATED: March , 2015    HAMILTON LAW

By:    /s/ Ryan A. Hamilton
Ryan A. Hamilton
Attorneys for Plaintiff, ANGELO AMATO

DATED: March 6, 2015    BAKER KEENER & NAHRA LLP

By:    /s/ Melissa S. Oslac
Robert C. Baker
Melissa S. Oslac
Attorneys for Defendant, NARCONON INTERNATIONAL and ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4853-2942-7490.1    2    3:14-cv-00588-GPC-BLM

EXHIBIT "A"

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
GEORGE E. NOWOTNY, SB# 150481
JUDITH M. TISHKOFF, SB# 138375
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, NARCONON
FRESH START d/b/a SUNSHINE
SUMMIT LODGE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO AMATO, an Illinois Citizen, | CASE NO. 3:14-cv-00588-GPC-BLM |
| Plaintiff, | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| vs. | The Hon. Gonzalo P. Curiel |
| NARCONON FRESH START d/b/a SUNSHINE SUMMIT LODGE; ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL; NARCONON INTERNATIONAL and DOES 1 - 100, ROE Corporations I - X, inclusive, | |
| Defendants. | |

IT IS HEREBY **STIPULATED AND AGREED** by and between the undersigned counsel as follows:

1.0    GENERAL INFORMATION:

      1.1    Definitions - As used in this Order, the word:

           1.1.1 "Party" or "Parties" shall include *Plaintiff* ANGELO AMATO and *Defendants* NARCONON FRESH START dba SUNSHINE SUMMIT LODGE, NARCONON INTERNATIONAL, ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL, and each of their/its/his/her employees, agents, representatives, and attorneys

4822-1501-5714.1                                                                3:14-cv-00588-GPC-BLM

(including both outside counsel and inside counsel).

1.1.2 "Person(s)" shall include any "Party" to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental agency.

1.1.3. "Confidential Material" shall mean any and all confidential or proprietary documents, data, or information provided in response to written discovery requests, subpoena, deposition testimony, or otherwise produced.   All Confidential Materials shall be Bates stamped and marked as confidential with a watermark or legend.

1.1.4. "Discovering Party" shall mean the Party who has requested documents designated as Confidential Material under this Stipulated Protective Order or is in possession of documents designated as Confidential Material.

1.1.5 "Producing Party" shall mean the Party who has produced documents designated as Confidential Material under this Stipulated Protective Order.

1.1.6 "Fresh Start" shall mean Narconon Fresh Start dba Sunshine Summit Lodge.

1.1.7 "NI" shall mean Narconon International.

1.1.8 "ABLE" shall mean Association For Better Living And Education International.

1.1.9 "Defendants" shall mean Narconon Fresh Start dba Sunshine Summit Lodge, Narconon International and Association For Better Living And Education International.

1.1.10 "Licensing Agreement" shall mean the License Agreement dated May 14, 2001, by and between Narconon International and Narconon Southern California, Inc. previously disclosed and identified as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

LICENSE-00001-9.

1.2   <u>Trade Secrets and Proprietary Information</u>:

Defendants contend that documents designated as Confidential Material represent and/or reflect trade secrets or other confidential and proprietary research, development or commercial information.   The Parties agree Defendants have a legitimate interest in protecting trade secrets, or other confidential and proprietary research, development or commercial information, including those which Fresh Start has been granted the non-exclusive right and license to use pursuant to the Licensing Agreement. The Parties agree the protections within this agreement are adequate.

1.3.  <u>Nature of this Stipulated Protective Order</u>:

The nature of this Stipulated Protective Order is to protect the Parties' confidential information, including, Defendants' business interests in their own intellectual property, information, and processes.   Furthermore, the nature of this Stipulated Protective Order is to protect Fresh Start from any liabilities that arise out of the Licensing Agreement.   Defendants contend that disclosure of their trade secrets, confidential or proprietary information or any of those referenced in the Licensing Agreement, could cause irreparable and significant harm to Fresh Start, Narconon International, Association For Better Living And Education, and their affiliates.   This Stipulated Protective Order is intended to prevent this foreseeable harm and any related unforeseeable harm.

1.4   <u>Public Health & Safety Not At Issue</u>:

The documents and information at issue do not involve the public health and safety, a public entity, or issues important to the general public.

1.5   <u>Good Faith Discovery Cooperation</u>:

It is the purpose of this Stipulated Protective Order and the desire of the Parties to make the broadest range of reasonably relevant documents

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1501-5714.1                                    3                          3:14-cv-00588-GPC-BLM

available to the Parties, without waiving any trade secrets, privilege, or otherwise proprietary information, while protecting all Parties interests', while adhering to the Licensing Agreement, and without subjecting the Parties and the Court to numerous discovery motions.

1.6   Reliance on this Agreement:

The Parties agree to limit dissemination of any documents and information as set forth in this Stipulated Protective Order and are materially relying on the representations and covenants contained within.

2.0   SCOPE, RELIANCE AND PURPOSE:

2.1   It is a purpose of this Stipulated Protective Order that Defendants will be provided reasonable assurance that:

2.1.1   The documents or information produced by Defendants will be used in this litigation and this litigation only and similar litigation involving the same Defendants and counsel only;

2.1.2   The documents or information produced by Defendants will not be used for commercial purposes;

2.1.3   The documents or information produced by Defendants will not be used for non-litigation purposes.

2.2   The Parties are relying on this Stipulated Protective Order, and would not have produced the documents and information otherwise.

2.3   The Parties' production under this Stipulated Protective Order does not admit or concede the documents or information are relevant or admissible in this litigation.

2.4   This Stipulated Protective Order survives the end of the above-styled litigation.

2.5   The Parties agree good cause exists for this Stipulated Protective Order and for the Court to enter this Order.

2.6   Compliance with this Stipulated Protective Order will be a material term to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   any settlement agreement reached in this case.

2   3.0   PRODUCTION OF DOCUMENTS:

3   3.1   Any documents produced, produced for inspection and/or made available
4   for copying in this action by any Party to this litigation or any third parties
5   whether before or after the date of entry of this Order may be designated
6   Confidential Material.  Such a designation shall be made by placing a
7   watermark or legend inscribing the word "Confidential" on the face of each
8   page of each document so designated.  In the event a book is produced, the
9   material shall be designated as Confidential Material by placing a
10   watermark or legend inscribing the word "Confidential" on the front cover of
11   the book.  Thereafter, if any single page from the book is duplicated, the
12   individual pages shall be designated Confidential Material by placing a
13   watermark or legend inscribing the word "Confidential" on each page of the
14   document so designated.

15   3.2   Such Confidential Materials in whole or in part or in any form, and the
16   information within, may be used and disclosed solely for the preparation
17   and trial of this litigation only, including all appeals.  Copies of any discovery
18   designated "Confidential" shall only be provided to parties or persons as
19   identified within this Stipulated Protective Order.

20   3.3   The Parties and their counsel agree to use reasonable efforts not to
21   disclose the information to any third person or entity whatsoever, except to
22   (the following are collectively referred to as "Qualified Person(s)"):

23   a.   counsel of record in this action on behalf of a Party to this
24   litigation;

25   b.   employees or agents of counsel including regularly employed
26   support staff, paralegal and clerical personnel who have a
27   direct responsibility for assisting such counsel in the
28   preparation and trial of litigation, including appeals;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

c.   outside consultants and experts and their employees or agents retained by counsel or any Party to this litigation for the purpose of assisting in the preparation and trial of this litigation, including appeals;

d.   the United States District Court, Southern District of California, ("the Court"), and court personnel, including stenographic reporters regularly employed by the Court;

e.   stenographic or video reporters who are otherwise engaged in such proceedings as are necessarily incident to the conduct of this litigation;

f.   witnesses or prospective witnesses requested by counsel to give testimony or otherwise to prepare for any deposition, hearing, trial or other proceeding in this litigation.

Any person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified person" or "non-qualified persons."

## 4.0   DEPOSITIONS

Deposition testimony concerning any Confidential Material shall be designated as Confidential Material under the terms of this Stipulated Protective Order. The court reporter shall note on the record the designation of Confidential Material and shall separately transcribe those portions of the testimony so designated and shall mark the face of such portion of the transcript as "Confidential Material." The Parties may use Confidential Material during any deposition provided the witness is apprised of the terms of this Stipulated Protective Order and executes the AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION, attached as Exhibit "A." The Parties may use Confidential Material during a deposition only if the room is first cleared of all non-qualified persons.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**5.0    CONTESTING THE DESIGNATION OF CONFIDENTIAL MATERIAL**

In the event that any Party desires to contest the designation of any documents, information, or testimony as Confidential Material, that Party shall, after requesting and being denied re-designation within a timely manner, shall file an objection with the Court and request a hearing on the matter.   At such hearing, the Party designating the information as Confidential Material shall have the burden to establish that Party's right to protection of the Confidential Material.  All such documents, information or testimony shall be treated as Confidential Material until the Court makes a decision regarding the status of the documents, information and testimony.

**6.0    VIEWING OF DOCUMENTS BY THIRD PARTIES:**

The Parties agree and acknowledge that before disclosing any Confidential Material to a Qualified Person, as defined above in Section 3.3(c) of this Stipulated Protective Order, the Party shall provide to the Qualified Person a copy of this Stipulated Protective Order and each Qualified Person shall execute a copy of the attached AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION.  The executed copy of Exhibit "A" shall be retained by the attorney who has disclosed the Confidential Material to the Qualified Person.

**7.0    NO WAIVER BY INADVERTENT PRODUCTION:**

If any Confidential Material is inadvertently provided to a Discovering Party without being marked as Confidential in accordance with this Order, the failure to so mark the material shall not be deemed a waiver of its confidentiality, privilege, or right to object.

**8.0    RETURN OF DOCUMENTS AT END OF LITIGATION:**

Within ten (10) days after the final settlement or termination of action, it is the obligation of the Discovering Party to return or destroy all Confidential Material provided by the Producing Party.  The Discovering Party shall return or destroy all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, except that the Discovering Party shall be entitled to destroy, rather than return (a) any Confidential

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1501-5714.1                                          7                      3:14-cv-00588-GPC-BLM

Material stored in or by data processing equipment and (b) work product memoranda or pleadings embodying Confidential Material, subject to State Bar rules. The Discovering Party will confirm in writing to the Producing Party its compliance with this Section 8.0.

9.0    PHOTOCOPYING PROHIBITED BEYOND THIS LITIGATION:

The Confidential Material shall not be photographed, photocopied or reproduced in any manner except in preparation of or otherwise related to this litigation.

10.0    PUBLICATION PROHIBITED:

The Confidential Material shall not be published or reproduced in any manner on the Internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately.   Likewise, persons may not verbally share the Confidential Material to non-qualified persons.

11.0    ALL DOCUMENTS REVEALED TO THE COURT SHALL BE SEALED:

All motions or other documents filed with the Court, if any, which reveal, include, attach or make reference to any portion of the Confidential Material shall be filed in accordance with the Federal Rules of Civil Procedure and shall be considered Confidential Material governed by the terms of this Stipulated Protective Order.

12.0    NON-WAIVER:

This Stipulated Protective Order is not, and shall not be interpreted as, a waiver by any Party of any right to claim in this lawsuit or otherwise, that the documents or information are privileged or otherwise undiscoverable.

13.0    VIOLATION OF ORDER:

Upon an alleged violation of this Stipulated Protective Order, the Court on its own motion or on the motion of any Party may grant relief as it deems appropriate in law or equity.   Should any provision of this Stipulated Protective Order be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4822-1501-5714.1                                        8                           3:14-cv-00588-GPC-BLM

1    DATED: March 6, 2015       HAMILTON LAW

2

3                      By:        /s/ Ryan A. Hamilton

4                            Ryan A. Hamilton
                           Attorneys for Plaintiff, ANGELO AMATO

5

6    DATED: March 6, 2015       LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                      By:        /s/ Judith M. Tishkoff

9                            Judith M. Tishkoff
                           Attorneys for Defendant, NARCONON

10                           FRESH START d/b/a SUNSHINE
                          SUMMIT LODGE

11

12    DATED: March 6, 2015       BAKER KEENER & NAHRA LLP

13

14                      By:        /s/ Melissa S. Oslac

15                            Robert C. Baker
                           Melissa S. Oslac

16                           Attorneys for Defendant, NARCONON
                          INTERNATIONAL and ASSOCIATION

17                           FOR BETTER LIVING AND

18                           EDUCATION INTERNATIONAL

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## ORDER

Based upon the foregoing Stipulation, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Parties have entered into a STIPULATED PROTECTIVE ORDER governing production of documents.

IT IS FURTHER ORDERED that the Parties shall be bound by the Stipulated Protective Order.

_____
United States District Court Judge

Respectfully submitted by:

LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    /s/ Judith M. Tishkoff
Judith M. Tishkoff
*Attorneys for Defendant Narconon Fresh*
*Start dba Sunshine Summit Lodge ("Fresh Start")*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO AMATO, an Illinois Citizen,<br><br>        Plaintiff,<br><br>    vs.<br><br>NARCONON FRESH START d/b/a<br>SUNSHINE SUMMIT LODGE;<br>ASSOCIATION FOR BETTER LIVING<br>AND EDUCATION INTERNATIONAL;<br>NARCONON INTERNATIONAL and DOES<br>1 - 100, ROE Corporations I - X, inclusive,<br><br>        Defendants. | CASE NO. 3:14-cv-00588-GPC-BLM<br><br>The Hon. Gonzalo P. Curiel |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

I hereby attest to my understanding that information or documents designated as

Confidential Material and the information contained therein are provided to me pursuant to the

terms and conditions and restrictions of the STIPULATED PROTECTIVE ORDER entered in the

above-styled case. I have been given a copy, read, and understand the STIPULATED

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

PROTECTIVE ORDER. I agree to be bound by it, and consent to the personal jurisdiction of the Court that signed the STIPULATED PROTECTIVE ORDER, for enforcement.

I further agree that I shall not disclose to others in any manner, except in accordance with the STIPULATED PROTECTIVE ORDER, any Confidential Material as defined in that agreement, and that such Confidential Material shall be used only for the purposes of the captioned legal proceeding.  I understand that the unauthorized disclosure of Confidential Material could result in the violation of the rights to privacy, and/or serious economic harm to the party providing the Confidential Material which could continue to cause harm even after the termination of that legal proceeding.  I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that STIPULATED PROTECTIVE ORDER, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.


_____

**Signature**                                              **Date**


_____

**Name printed**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## FEDERAL COURT PROOF OF SERVICE

2
    Amato v. Narconon Fresh Start, etc., et al. -  Case No. 3:14-cv-0588-JLS-BLM

3
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4
    At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, California

5
90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6

7
    On March 6, 2015, I served the following document(s):  JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

8
    I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9

10
                       **SEE ATTACHED SERVICE LIST**

    The documents were served by the following means:

11
☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system,

12
which sent notification of that filing to the persons listed above.

13
    I declare under penalty of perjury under the laws of the United States of

14
America and the State of California that the foregoing is true and correct.

15
    Executed on March 6, 2015, at Los Angeles, California.

16

17
                                 Debbie Stephenson

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4853-2942-7490.1

3:14-cv-00588-GPC-BLM

1
2

**SERVICE LIST**
**Amato v. Narconon Fresh Start, etc., et al.**
**3:14-cv-0588-JLS-BLM**

3
4
5
6

Ryan A. Hamilton, Esq.
HAMILTON LAW
5125 S. Durango Drive, Suite C
Las Vegas, NV 89113
(702) 818-1818/FAX (702) 974-1139
rvan@hamiltonlawlasvegas.com

*Attorneys for Plaintiff, ANGELO AMATO*

7
8
9

John Karl Buche, Esq.
BUCHE & ASSOCIATES, P.C.
875 Prospect Street, Suite 305
La Jolla, CA 92037
(858) 459-9111/FAX (858) 459-9120
ibuche@buchelaw.com

*Associated Counsel for Plaintiff, ANGELO AMATO*

10
11
12

David Miller, Esq.
1433 N. Meridian Street, Suite 202
Indianapolis, IN 46202
(317) 721-9214/FAX (888) 422-3151
david@sllawfirm.com

*Attorney for Plaintiff, Angelo Amato*

13
14
15
16
17

Robert C. Baker, Esq.
Melissa S. Fink, Esq.
BAKER, KEENER & NAHRA, LLP
633 West 5th Street, Suite 5500
Los Angeles, CA 90071
(213) 241-0900/FAX (213) 241-0990
rbaker@bknlawyers.com
mfink@bknlawyers.com

*Attorneys for Defendants, NARCONON INTERNATIONAL and ASSOCIATION FOR BETTER LIVING AND EDUCATION INTERNATIONAL*

18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4853-2942-7490.1

3:14-cv-00588-GPC-BLM